947 F.2d 944
 1991 Copr.L.Dec. P 26,813
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward J. GLANZMANN, Plaintiff,
Anthony A. Muraski, Attorney-Appellant,
v.
Stephen KING, Richard Kobritz, Bill Phillips, Viking
Penguin, Inc., New American Library, and Columbia
Pictures Industries, Inc., Defendants-Appellants
 No. 90-2302.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff brought a copyright infringement action against defendants in 1988, alleging that defendant Stephen King's novel Christine infringed upon plaintiff's copyright of a ten-page manuscript entitled The Side Swiper. After the District Court granted defendants' motion for summary judgment, the plaintiff, assisted by his counsel Anthony Muraski (Muraski), brought an appeal to this Court. We affirmed the decision of the Eastern District of Michigan, and after concluding that the plaintiff's appeal was frivolous, remanded the case to the District Court for determination of reasonable attorneys' fees and costs to be assessed against plaintiff pursuant to Federal Rule of Appellate Procedure 38. After a full hearing, the trial court assessed $15,245.00 in fees and costs to be evenly divided between the plaintiff and his attorney. Plaintiff's counsel now appeals the District Court's assessment of $7,622.50 against him.
 
 
 2
 Federal Rule of Appellate Procedure 38 permits a court of appeals to award just damages and single or double costs to an appellee who defends against a frivolous appeal. Upon review of plaintiff's assignments of error, the briefs of the parties, and the arguments of counsel, this Court determined that as a matter of law plaintiff failed to present evidence essential to prove the elements of his copyright infringement claim. Concluding that plaintiff's appeal was frivolous, this Court remanded the case to the District Court with instructions to assess reasonable attorney's fees and costs incurred by the defendants against the plaintiff.
 
 
 3
 In its opinion this Court did not authorize an award against plaintiff's counsel, Muraski; the language instructed that the assessment be made against the plaintiff, Edward J. Glanzmann. Consequently, we find that the District Court erred in assessing half of the award against Muraski. Accordingly, we REMAND for reconsideration with instructions that any award for costs or attorney's fees be made solely against the plaintiff and not his counsel.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation